652 A.2d 131

**In re HARRY H. & NICOLE H.**

**No. 810 Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Jan. 18, 1995.

C.J. Messerschmidt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

Shellie F. Tier, Rockville, for appellees, respondent children. (Stephen E. Harris, Public Defender and Michael R. Braudes, Asst. Public Defender, Baltimore, on the brief), for appellee, parents of the respondent children.

Argued before BISHOP, FISCHER and MURPHY, JJ.

MURPHY, Judge.

The Circuit Court for Montgomery County (McKenna, J.) terminated the parental rights of the natural parents of Harry H. and Nicole H. The natural parents sought visitation

pending appellate review. Their request was granted by the District Court of Maryland. We hold that the District Court did not have jurisdiction to grant that request.

## BACKGROUND

On December 18, 1989, Harry H. was adjudicated a child in need of assistance (CINA). At that time he was eighteen months old. On September 27, 1991, Harry's sister Nicole H. was adjudicated CINA. She was then one year old. On September 1, 1993, the circuit court terminated parental rights. In a per curiam opinion filed on November 4, 1994, we affirmed the judgment in that case. *In re: Adoption/Guardianship Nos. 1088 and 1089 in the Circuit Court for Montgomery County,* No. 337, September Term, 1994.

Because the CINA proceedings had taken place in the District Court, the natural parents asked that court to grant them visitation pending appeal of their termination of the parental rights case. That request was granted.

Two questions[1] are presented for our review:

1) Pursuant to Family Law Article § 1–201(d), did the juvenile court lack jurisdiction to issue an order governing visitation between the parents and their minor children following the equity court's termination of parental rights?

2) If the juvenile court retained jurisdiction, did it nonetheless abuse its discretion by ordering visitation without reviewing current evidence as to whether visitation is in the children's best interest?

FL § 1–201(d) provides:

(d) Termination of jurisdiction of juvenile court.—If an adoption or guardianship with the right to consent to adoption or long term care short of adoption is ordered by the equity court, as to a child previously adjudicated to be a

---

1. Even though our decision in No. 337, Sept. Term 1994 renders these issues moot, they are certain to arise in other cases and should therefore be addressed. *Attorney v. Anne Arundel Co. School Bus,* 286 Md. 324, 328, 407 A.2d 749 (1979).

child in need of assistance, a neglected child, an abused child, or a dependent child, the jurisdiction of a juvenile court with regard to these issues is terminated.

The juvenile court decided that it maintained jurisdiction pending appeal. That decision was wrong. It is clear to us that the legislature intended for the juvenile court's jurisdiction to terminate "if an adoption or guardianship with the right to consent to adoption or long-term care short of adoption is ordered by the equity court, as to a child previously adjudicated to be a child in need of assistance." The plain language used by the legislature must be given its ordinary meaning. *Subsequent Injury Fund v. Ehrman*, 89 Md.App. 741, 747, 599 A.2d 875 (1992). Moreover, our holding is supported by the legislative history. Paragraph (d) was added in 1986 to overturn the decision of *In re Arlene G.*, 301 Md. 355, 483 A.2d 39 (1984).

The committee report of House Bill 1701 stated:

This dual court process was complicated by the 1984 decision of *Arlene G.*, 301 Md. 355, 483 A2d 39. There, the Court of Appeals held that the juvenile court jurisdiction over a CINA child continued after the equity court had granted guardianship to the local department of social services, terminating the rights of the child's parents. The scope of that continuing authority was spelled out in the *Arlene G.* decision. Furthermore, the natural parents as parties to the CINA proceeding, could object, to aspects of the guardianship even though their rights have been terminated in the guardianship proceedings. House bill 1701 reverses the result of *Arlene G.*

The natural parents [2] contend that FL § –201(d) does not apply because visitation is not specifically mentioned in the

---

**2.** The attorneys for the children assert that, although the District Court judge abused his discretion under the circumstances of this case, that court does have jurisdiction to order visitation in cases like this. They argue that unless the District Court retains jurisdiction, the children would lose their right to a lawyer as soon as the rights of the natural parents are terminated by the circuit court. There is no reason,

**70**

statute. We are persuaded, however, that FL § –201(d) serves to divest the District Court of jurisdiction when the parental rights are terminated by the circuit court.

**JUDGMENT OF THE DISTRICT COURT FOR MONT-GOMERY COUNTY REVERSED; COSTS TO BE PAID BY APPELLEES.**

---

however, why the chancellor would be prevented from appointing counsel for the children while an appeal is pending in the termination of rights case.